Filed 03/07/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-02626

---

**Donald Gates, Jr. v. Mack Molding Company, Inc. et al**

---

## ENTRY REGARDING MOTION

Title:        Motion For Protective Order And To Quash Subpoenas - EMERGENCY (Motion: 5)
Filer:        Frederick David Harlow
Filed Date:  February 03, 2025

In this wrongful termination action, Plaintiff's counsel has served two of Defendant's counsels of record with Rule 45 subpoenas, directing them to appear at depositions and to produce certain documents and other things. Defendant filed a motion quash the subpoenas and requested a protective order on February 3, 2025. Plaintiff filed an opposition on February 17, 2025 and the Defendant filed a reply on February 24, 2025. The court held a hearing on February 27, 2025 and took oral argument from both parties. For the reasons stated below, Defendant's motion is denied without prejudice in part, and otherwise granted.

Pursuant to V.R.C.P. 26(b)(1), a party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Plaintiff's subpoenas seek depositions of Attorney Timothy Copeland and Attorney David Harlow, Defendant's current counsel. Plaintiff seeks to depose Attorneys Copeland and Harlow regarding their involvement in a recorded meeting between Plaintiff and former HR Director Jessica Fredette on May 6, 2019. Def. Resp., p. 9. In addition, Plaintiff seeks to question Attorneys Copeland and Harlow regarding knowledge of their ethical obligations under the Vermont Rules of Professional Conduct, regarding a settlement email sent on June 18, 2020, and regarding attorney's fees.

In addition to seeking depositions, Plaintiff's subpoenas requested production of the following by Attorneys Harlow and Copeland:

> [A]ll information, papers, emails, notes, documents, recordings and evidence in
> native format about and relating to the facts pertaining to: (1) Attorney Harlow's
> email dated 6/18/20 sent to [Plaintiff's] counsel regarding the Gates and the facts
> contained in this email, and (2) Jessica Fredette's meeting and the questions she
> asked at this meeting with Plaintiff on 5/6/19.

Ex. 4 to Pl.'s Opp'n to Def.'s Mot for Protective Order & to Quash Subpoenas (filed Feb. 17, 2025). In moving to quash and for a protective order, Defendant asserts that the depositions and the

document requests would intrude upon, and require disclosure of, matters that are subject to the attorney-client privilege or the attorney work product doctrine.

Starting first with the requests for documents and other things, Plaintiff asserts that applicable rules require more than a blanket claim that all documents and things responsive to Plaintiff's subpoena are privileged or otherwise properly withheld from disclosure. Plaintiff cites, for example, Rule 45(d)(2)(A), which provides as follows:

> When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

V.R.C.P. 45(d)(2)(A). The Court agrees that Defendant has not complied with this mandate. And this does not appear to be an instance where a broad or "blanket" withholding of materials under the attorney-client privilege or the attorney work product doctrine is so clearly warranted that Rule 45(d)(2)(A) should not be followed. *See also United States v. Stern*, 511 F.2d 1364, 1367 (2d Cir. 1975) (party asserting attorney-client privilege has burden of establishing that the communication was protected); V.R.C.P. 45(c)(2)(B) (party objecting to subpoenas seeking documents and other things is "[s]ubject to paragraph (d)(2) of this rule").

For example, Defendant does not dispute that during the meeting of March 6, 2019, Ms. Fredette twice read to Mr. Gates a statement that had been specifically prepared by Attorney Copeland for her use during that meeting. The statement was to the effect that Mr. Gates did not have the right to refuse to answer Ms. Fredette's questions, and that any refusal to answer a question would be taken into consideration by Mack Molding when deciding on Mr. Gates' job status. Even assuming that such statement constituted legal advice from an attorney to his client—an issue on which the Court takes no view at this time—Ms. Fredette's reading of the statement to a third party (Mr. Gates) *may* have waived a claim of privilege. *Cf. Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 83 (W.D.N.Y. 2011) ("The burden of establishing each element of the [attorney-client] privilege, including the absence of any waiver, is upon the party asserting the privilege."). Further, "'it is the essence of the attorney-client privilege that it is limited to those communications which are intended to be confidential.'" *Cuomo v. Office of N.Y. State Att'n Gen.*, No. 22-MC-3044 (LDH) (TAM), 2024 WL 4593407, at *15 (E.D.N.Y. Oct. 28, 2024) (quoting *United States v. Tellier*, 255 F.2d 441, 447 (2d Cir. 1958). Here, it would appear that Attorney Copeland's legal advice in the form of prepared statements or questions, for use during Ms. Fredette's meeting with Mr. Gates, were not understood to be confidential, but were intended and understood to be communicated to Mr. Gates. Thus, the prepared statements may never have qualified for the attorney-client privilege.

In any event, the Court will not attempt to decide claims of privilege or other protections in the abstract.[1] The better course, the one required by rule, is for the party withholding documents on

---

[1] Nor should the parties infer that the above discussion is conclusive or exhaustive as to claims of attorney-client privilege or claims of protection under the attorney work product doctrine. Nor should the parties infer that the Court's brief discussion that there are no issues relating to documents and things sought in relation to Attorney Harlow's email of June 18, 2020.

grounds of privilege or other grounds (e.g., attorney work product) to describe *each* responsive document in a manner sufficient to permit the opposing party to contest the withholding of each document. Accordingly, the motion for protective order and to quash is denied, as to the documents and other things sought by Plaintiff. However, the denial is without prejudice, to permit Defendant the opportunity to comply with Rule 45(d)(2)(A).

Turning to the requested depositions, the court is required to quash a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." V.R.C.P. 45(c)(3)(A)(iii). The attorney-client privilege is defined in Rule 502 of the Vermont Rules of Evidence, which states:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer, or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

V.R.E. 502(b). The term "client" includes corporations such as Defendant. V.R.E. 502(a)(1). Attorney Copeland's and Attorney Harlow's relationship with Defendant is solely as their attorneys. Plaintiff correctly points out that the attorney-client privilege "extends only to *communications* and not to facts." *Upjohn Co. v. U.S.,* 449 U.S. 383, 395 (1981) (quotations and citations omitted). In other words, a client "cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." *Id.* Plaintiff's proposed line of questioning for Attorneys Copeland and Harlow seek communications, not fact. An underlying fact would have to come from a representative of the Defendant, not the Defendant's attorneys. Defendant's motion to quash the depositions must therefore be granted.

Separately, "depositions of opposing counsel are disfavored." *U.S. v. Yonkers Bd. Of Educ.,* 946 F.2d 180, 185 (2nd Cir. 1991). Although not binding, the Second Circuit has set forth certain considerations the court should look at in determining whether to allow a deposition of opposing counsel. *In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 72 (2nd Cir. 2003). The Second Circuit stated:

> [T]he standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already

conducted. These factors may, in some circumstances, be especially appropriate to consider in determining whether interrogatories should be used at least initially and sometimes in lieu of a deposition. Under this approach, the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered.

*Id.* Here, the court does not see a need for Plaintiff to depose Attorneys Copeland and Harlow. The information being sought might be obtained from a representative of the Defendant, and here, there is no indication that Plaintiff has attempted, without success, to depose Ms. Fredette or other representatives of Defendant. Furthermore, as noted above, much of the information sought through the depositions is likely privileged. In looking at all of these factors, allowing the depositions of Attorneys Copeland and Harlow are not warranted.

Defendant also seeks a protective order pursuant to V.R.C.P. 26(c), which allows the court, for good cause shown, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Defendants have demonstrated good cause to issue a protective order in this case as to the depositions of Attorneys Copeland and Harlow. Plaintiff sought to depose opposing counsel regarding certain privileged matters. Plaintiff will be precluded from seeking that protected testimony. However, because the motion for protective order is otherwise denied, the court will not entertain a request for attorney's fees.

## Order

1. Defendant's motion is denied without prejudice with regards to Plaintiff's subpoena for documents and other things.
2. Defendant may make a filing in substantial compliance with Rule 45(d)(2)(A), no later than March 21, 2025. A failure to do so may be treated as a waiver of any objections to the subpoena for documents and other things, on grounds that they are privileged or otherwise protected from disclosure.
3. The subpoenas issued for the depositions of Attorneys Copeland and Harlow are quashed and Plaintiff is precluded from deposing Attorneys Copeland and Harlow.

Electronically signed on March 7, 2025 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*

_____

Alexander N. Burke
Superior Court Judge